```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GURMERCINDO BELTRAN,

        Petitioner,

vs.                         Case No. 2:10-cv-234-FtM-29DNF
                                   Case No. 2:08-cr-88-FTM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on review of petitioner's Request to Supplement Recently Discovered Claims to Pending Motion Pursuant to Title 28 U.S.C. § 2255 (Doc. #10) filed on September 2, 2010. Petitioner seeks to supplement his pending § 2255 petition with additional claims presented by his attorney to the U.S. Supreme Court. For the reasons stated below, the motion will be denied as moot and the underlying habeas petition dismissed.

On June 4, 2008, the grand jury returned a three count Indictment (Cr. Doc. #1) charging Gurmercindo Beltran (Beltran or petitioner) with two counts of possession with intent to distribute crack cocaine and one count of possession with intent to distribute cocaine. Petitioner proceeded to trial and was found guilty on all counts. (Cr. Doc. #62.) On February 18, 2009, Judgment (Cr. Doc. #69) was entered sentencing petitioner to a term of imprisonment. The next day, counsel filed a Notice of Appeal (Cr. Doc. #70) on

petitioner's behalf. On March 4, 2010, the Eleventh Circuit affirmed the conviction and sentence. United States v. Beltran, 367 Fed. Appx. 984 (11th Cir. 2010), reh'g and reh'g en banc denied, ___ F.3d ___, (11th Cir. May 13, 2010)(unpublished table decision). On April 20, 2010, petitioner filed his Motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Cr. Doc. #90.) On August 9, 2010, counsel filed a petitioner for *certiorari* with the United States Supreme Court, which remains pending. United States v. Beltran, 367 Fed. Appx. 984 (11th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 9, 2010)(No. 10-5852).

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). As relevant here, a conviction becomes "final" for purposes of seeking post-

conviction relief when "(1) the date on which the district court enters judgment against the defendant; (2) the date on which the court of appeals issues the mandate on direct appeal; or (3) the date on which certiorari is denied, or on which the period to seek certiorari expires. Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002); Clay v. United States, 537 U.S. 522, 527 (2003)(collecting cases).

In this case, the writ of *certiorari* was filed on August 9, 2010, and remains undetermined. Although the Eleventh Circuit has rendered a decision, counsel for petitioner on direct appeal has filed the writ and no "final" decision has occurred for purposes of triggering habeas relief. United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990), modified, 910 F.2d 713 (11th Cir. 1990)(per curiam)(defendant may not seek collateral relief while his direct appeal is pending). Therefore, this Court is without jurisdiction at this time. As Khoury noted, a defendant may pursue collateral remedies without prejudice after jurisdiction is returned to the district court. Therefore, at this time, the motion will be dismissed.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for relief pursuant to 28 U.S.C. § 2255 (Doc. #1) is **DISMISSED without prejudice to re-filing** for lack of jurisdiction, subject to the time constraints imposed under the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Clerk is directed to enter Judgment accordingly.

    2.  Petitioner's Request to Supplement Recently Discovered Claims to Pending Motion Pursuant to Title 28 U.S.C. 2255 (Doc. #10) is **DENIED** as moot.

    3.  The Clerk is further directed to provide petitioner a copy of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody form, close the civil file, and file a copy of the judgment in the associated criminal file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2010.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record